**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**RETEK INC.,**

**Plaintiff,**

**v.**

**GEORGE HUNTER HARRIS,**

**Defendant.**

**Civil No. 01-321(PAM/SRN)**

**O R D E R**

---

Anthony R. Zeuli, Esq., on behalf of Plaintiff Retek Inc.

Holly M. Robbins, Esq., on behalf of Defendant Harris.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 8, 2001, on Plaintiff Retek Inc.'s motion, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.1(d), for an order expediting discovery. Retek states that it seeks an order permitting it to conduct expedited discovery for the purposes of preparing a motion for preliminary injunction to stave off further irreparable harm, and to prevent the destruction of evidence. In support of its motion, Retek submits

FILED MAY 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

that former Retek employee George Hunter Harris is currently employed by Retek's main competitor, SAP America, Inc.[1], in a capacity which directly competes against his former employer. See Affidavit of Jeremy Thomas. Retek asserts that Defendant Harris is so employed despite being bound by a non-competition agreement. Id. Retek contends that while employed with Retek, Harris had full access to Retek's trade secrets and other confidential information. Id. Furthermore, almost all of the data on the hard drive of Retek's computer used by Defendant Harris was erased before it was returned. Id.

Retek states that it will seek a preliminary injunction as soon as possible to enforce its non-competition agreement and to prevent Harris from disclosing Retak's confidential and proprietary information and trade secrets to SAP or others. To support this effort, Retek requests the opportunity to take limited and tailored discovery on an expedited basis -- in the form of requests for production of documents, issuance of a subpoena duces tecum, and deposing Defendant Harris -- all in the next twenty days or sooner. Retek asserts that it needs expedited discovery from Harris and SAP to determine the scope and extent of Harris' alleged breach of his confidentiality and non-

---

[1] Retek and SAP are head-to-head competitors in the retail software solutions industry in North America and worldwide. The two companies have competed and are currently competing for the same retail clients. Thomas Aff. at paragraph 14.

compete agreements, and any disclosure of Retek's trade secrets and confidential and proprietary information.

Retek submits that a court should grant a motion to expedite discovery where the moving party demonstrates: 1) irreparable injury; 2) some probability of success on the merits; 3) some connection between the relief sought and the irreparable injury to be sustained; and 4) some evidence that on balance, "the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." See e.g., Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

Although Defendant George Harris strongly opposes Retek's motion for expedited discovery, counsel for Mr. Harris requested that if the Court allows expedited discovery to proceed that it be mutual and narrowly tailored to the injunctive relief issues. At the Court's request, counsel for Mr. Harris submitted for review Defendant Harris' proposed expedited discovery.

The Court finds the parties' proposed expedited discovery to be acceptable and orders that it go forth immediately. Expedited discovery in this matter will serve to further develop the record prior to the preliminary injunction hearing and "will better enable the court to judge the parties' interests and respective chances for success on the merits." Edudata Corp. v. Scientific Computers, Inc., 599 F.Supp. 1084, 1087 (D. Minn. 1984). Plaintiff Retek's motion for expedited discovery is granted, and the parties shall proceed

with their bilateral, expedited discovery -- all to be concluded by June 6, 2001.

Finally, counsel for the parties in this case have informed the Court that while the arbitration agreement in place in this case provides that injunctive relief can be sought and obtained from the federal court, Retek has made an arbitration demand here. As such, a Fed. R. Civ. P. 16 pretrial scheduling conference will be held in abeyance pending the arbitration proceedings.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff Retek Inc.'s motion, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.1(d), for an order expediting discovery (Doc. No. 4) is **GRANTED**. The parties shall proceed with mutual expedited discovery, all to be concluded by June 6, 2001.

Dated: May 14, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge